IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 16, 2005 Session

# LESLIE RANDOLPH (WALKER) BROWN v. RALPH TRUMAN BROWN, JR.

**Direct Appeal from the Circuit Court for Hamilton County**
**No. 90DR-1623      Hon. L. Marie Williams, Circuit Judge**

---

**No. E2005-00464-COA-R3-CV  - FILED JANUARY 31, 2006**

---

The wife sued for back child support on the basis that the parties' Marital Dissolution Agreement provided for a percentage of the husband's income which had not been paid.  The Trial Court refused to award back support.  On appeal, we affirm the Judgment of the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, J., joined.

Christine Mahn Sell and B. Elizabeth Dickson, Chattanooga, Tennessee, for appellant.

Michael R. Campbell and Kathryn M. Russell, Chattanooga, Tennessee, for appellee.

## OPINION

In this post-divorce action, because the husband had failed to comply with the parties' Marital Dissolution Agreement (MDA), the wife sought to collect back child support and asked that the husband be held in contempt of court.

The parties were divorced in 1990, and the final decree incorporated their MDA, which provided the husband would pay wife $541.44 per month in child support for the support of their daughter, Chappell (d.o.b. 7/14/86), and this amount represented 15% of the husband's net income.  The MDA also provided:

Husband agrees to notify Wife when changes occur to his income and to provide her with a new written calculation of the dollar amount of child support payable thereafter based on its being fifteen (15%) percent of his net disposable income as herein defined.

The wife, in her Petition filed on April 15, 2004, alleged the husband had increased his child support payments to $707.00 per month in October 1991, and that he had paid that amount since. She alleged that the husband's income had increased each year, as evidenced by his tax returns, and the husband had failed to pay the mother 15% of his income as required by the MDA. She alleged the husband owed a child support arrearage of $57,057.82, based on her calculations to 2004, and that the husband should be found in contempt of Court. She also asserted the husband had not paid his child's uncovered medical and dental expenses.

The husband Answered and filed a Motion for Judgment on the pleadings, asserting that the MDA provision was void as violative of Tenn. Code Ann. §36-5-101.

The Trial Court entered an Order on October 18, 2004, finding that a definite amount of child support had to be set by court order, and that it could not be just a percentage of income. The Court found the husband could be found in contempt for failing to notify the wife of his increases in income and to provide her with a new child support calculation, but that this calculation did not amount to an order of support. The wife would have to petition the Court for a modification in order to increase the support order. The Court granted the husband's Motion for Judgment on the Pleadings as to any arrearage sought, and ultimately entered an Order finding the husband was not in contempt and dismissed the wife's cause of action.

The parties filed a Statement of the Evidence and Proceedings, which states the husband did not notify the wife of changes in his income, and did not provide her with a new written calculation of the dollar amount of child support payable thereafter based on its being fifteen (15%) percent of his net disposable income. The Statement further provided the husband paid the wife $707.21 per month from and after October 1991.

On appeal, the wife argues the Trial Court erred, because the MDA provided for automatic increases, and the MDA was a valid and binding agreement between the parties. The MDA was made during a time when such orders were permissible, and that parties are permitted to enter into an agreement which adequately provides for the needs of the child even if the method of calculating support is different than that contained in the guidelines.

The Trial Court's Judgment presents a question of law and on appeal is not presumed to be correct. Tenn. R. App. P. 13(d).

As stated, the MDA provided that the husband would pay wife $541.44 per month which represented 15% of the husband's then net disposable income, and that "Husband agrees to notify Wife when changes occur in his income and to provide her with a new written calculation of

the dollar amount of child support payable thereafter based on its being fifteen (15%) percent of his net disposable income as herein defined." The wife argues that the words "payable thereafter" amount to an order that the husband will automatically increase his child support payments in accordance with the new calculation.

While the wording of the MDA is somewhat ambiguous, Tenn. Code Ann. §36-5-101 and cases hold that such fluctuating child support orders are not permissible.[1] Tenn. Code Ann. §36-5-101(a)(1)(A) states that the court "shall set a specific amount which is due in each month". This Court has repeatedly held that a child support order based on a percentage of income is not permissible, but must be fixed in a definite monthly amount. *See Price v. Price*, 2000 WL 192569 (Tenn. Ct. App. Feb. 18, 2000); *Robertson v. Robertson*, 1998 WL 783339 (Tenn. Ct. App. Nov. 9, 1998); *Varnell v. Varnell*, 1998 WL 474080 (Tenn. Ct. App. July 29, 1998); *Smith v. Smith*, 1997 WL 672646 (Tenn. Ct. App. Oct. 29, 1997); *Lovan v. Lovan*, 1997 WL 15223 (Tenn. Ct. App. Jan. 17, 1997); and *Goolsby v. Goolsby*, 1986 WL 14046 (Tenn. Ct. App. Dec. 12, 1986).

The wife argues this case is different, however, because the parties made this agreement in their MDA (as opposed to the trial court ordering it), and thus their agreement should be enforced as written until modified by the court, pursuant to *Silverstein v. Silverstein*, 1987 WL 18376 (Tenn. Ct. App. Oct. 14, 1987). In *Silverstein*, no definite amount of child support was set, which is factually distinguishable. The *Silverstein* Court ordered the husband to pay 20% of his gross income to wife, and to report his income to the wife monthly. The husband later petitioned the Court to set a definite amount of child support, and the wife filed a cross-petition for arrearages and contempt. A trial was not held until more than seven years later, and the Trial Court set specific monthly amounts of child support retroactive to 1980, and then determined the husband's arrearage based on the same. *Id.* This Court ruled that the Trial Court erred in modifying the husband's child support obligation without a finding of a material change of circumstances. While noting that the use of a percentage of income was not proper, this Court found that "when such is decreed it is the law of the case until such time as it is changed by the trial court or by an appellate court." *Id.* at 4.

The wife also argues that the parties are "permitted to enter into an agreement which adequately provides for the needs of their children even if such agreement provides a method of calculating child support that is different from the percentage-of-income mechanism contemplated in the Guidelines", based on *McDonald v. Cowan*, 2000 WL 72049 (Tenn. Ct. App. Jan. 19, 2000). In *McDonald*, the father agreed in the parties' MDA to pay mother $1,000.00 per month in child support, and the parties agreed these payments would automatically increase each year based on the

---

[1] Wife relies on a footnote in *Ostheimer v. Ostheimer*, 2004 WL 689881 (Tenn. Ct. App. March 29, 2004) which states that fluctuating child support awards are not currently permissible under the guidelines and the statutes, but were permissible in 1990, without citing any authority for that statement. This statement is clearly incorrect, since the statute requiring that a definite monthly amount of child support be set was in effect in 1990. *See Goolsby v. Goolsby*, 1986 WL 14046 (Tenn. Ct. App. Dec. 12, 1986).

father's increased income or the CPI. The Trial Court modified the parties' agreement and set support based on a monthly amount, but this Court ruled that this was error because no petition to modify was ever filed. We stated that the parties could agree to an amount of support that adequately provided for the child, finding that the guidelines were a minimum base. We did not, however, discuss Tenn. Code Ann. §36-5-101(a)(1)(A), which states that the court "shall set a specific amount which is due in each month".

The MDA in this case was incorporated in the Final Decree of the Court, which removed its contractual identity. The Judgment as entered to the extent it would be subject to an increase by a percentage, was erroneous on its face, in violation of Tenn. Code Ann. § 15-101(a)(1)(A). As noted, we have repeatedly held that child support based on a percentage of income is not permissible.

We conclude this appeal is without merit, affirm the Trial Judge and remand, with the cost assessed to Leslie Randolph (Walker) Brown.

_____
HERSCHEL PICKENS FRANKS, P.J.